UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1695 NAB |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 5. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this case without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In his signed and sworn motion to proceed *in forma pauperis*, plaintiff states that he is not employed, has no income, and has received no money in the past twelve months.  ECF No. 5.  Despite being ordered to submit a prison account statement with his motion, plaintiff has not done so.  *See* ECF No. 4 (stating that "if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.")  However, his motion indicates that he has the sum of $5.00 in his ERDCC account.  ECF No. 5 at 3.  Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## The Complaint

Plaintiff, incarcerated at ERDCC, seeks relief in this matter under 42 U.S.C. § 1983. The instant complaint is one of over eighty (80) cases filed by plaintiff with this Court in less than four months' time. Most of plaintiff's complaint is on the Court's 'Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983' form; however, two pages of the complaint are handwritten notes on notebook paper, included within the pages of the form complaint. ECF No. 1. at 2-3. Plaintiff writes "See Cover Sheet" on the 'Statement of Claim,' 'Injuries,' and 'Relief' sections of the form complaint. *Id.* at 5-7. The Court assumes plaintiff is referring to his handwritten notes as the Cover Sheet. In those notes, plaintiff alleges as follows:

> This is on medical treatment being denied on my back problems nerve damage and they refuse treatment[.] I'm a souvrin citizn[.] MODOC at ERDCC allows Corizon to not treatment[.] I have put MSR's in IRRs in nothing ever[.] They do nothing[.] I only get 5.00 dollars a month[.] I am sueing 45 Dept. for amount shown[.] I'll represent myself[.]

*Id.* at 2-3.

On the form complaint, plaintiff names three defendants: (1) Corizon; (2) ERDCC; and (3) Missouri Department of Corrections ("MDOC"). *Id.* at 4-5. However, his handwritten notes appear to be naming forty-five (45) defendants, including: (1) CO1; (2) CO2; (3) Sg; (4) LT; (5) Corporal; (6) Captain; (7) Major; (8) FUM; (9) Caseworker; (10) Caseworker; (11) Assist Superintendent; (12) Superintendent; (13) Assist Warden; (14) Warden; (15) CCA; (16) ERDCC;

- 4 -

(17) IPO; (18) IPO Supervisor; (19) Director P&P; (20) Assist Director P&P; (21) MODOC Director; (22) MODOC Assist Director; (23) MODOC; (24) Assist Att General; (25) Att General; (26) Lt Governor; (27) Governor; (28) Senator MO; (29) Senator MO; (30) House Rep MO; (31) Corizon Health Care; (32) Corizon Health Care Director; (33) Corizon Health Care Assist Director; (34) Corizon Assist Superintendent; (35) Corizon Superintendent; (36) Corizon Supervisor ERDCC; (37) Corizon ERDCC; (38) Corizon Doctor; (39) Corizon Nurse Practitioner; (40) Corizon RN; (41) Corizon LPN; (42) Corizon CNA; (43) Corizon Med Tecs; (44) Corizon Chronic Care; and (45) P&P.  *Id.* at 2.

For relief, plaintiff seeks a specific damage amount from each of the named defendants – the amounts range from 100 million to 29 trillion dollars.  *Id.*

**Discussion**

Having carefully considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court finds this case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978).  One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  A "serious medical need" is "one that has been

diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

Here, plaintiff sets forth his claim in a wholly conclusory fashion. His alleged serious medical need is "back problems nerve damage." ECF No. 1 at 2. Plaintiff does not describe what kind of back problem he has or explain how he acquired nerve damage. Even if the Court accepted this as a serious medical need, plaintiff provides no factual allegations that any of the defendants knew of this need and disregarded it. Plaintiff does not describe a situation in which he was denied requested medical care while at ERDCC. He does not provide details on visits to medical care providers or who specifically saw him. Plaintiff's allegations of denial of medical treatment are merely conclusory statements without any factual support.

Furthermore, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff provides no evidence that any of the forty-five named defendants were personally involved in or directly responsible for any alleged constitutional violation.

Plaintiff simply lists the defendants, with reference only to their position or organization, but no specific names. Plaintiff does not connect any named defendant with any specific action in the allegations of his complaint. This is not enough to state a claim for § 1983 liability. Plaintiff does not allege, with any specificity, that any of the defendants did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the

defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

This action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, plaintiff alleges he is entitled to recover hundreds of millions and hundreds of trillions of dollars in damages from forty-five individuals and entities for a claim that entirely lacks factual support. Such demands and allegations rise to the level of the irrational or wholly incredible. The Court therefore concludes that plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in *Denton.* 504 U.S. 25, 31 (1992).

Finally, this action is also subject to dismissal as malicious. Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, composed in roughly the same factually unsupported and disjointed manner, against basically the same group of governmental entities or employees of these entities. Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. The Court has received multiple envelopes containing more than ten (10) cases from plaintiff in the past month. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458,

461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. A prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. In addition, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998). This power includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see Tyler*, 839 F.2d at 1294 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent, as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of December, 2020.

　　　　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE